COMPAÑÍA CERVECERA DE PUERTO RICO, INC., Plaintiff and Appellee, v. RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellant.

Nos. 9095 and 9096.   Argued April 6, 1945.—Decided May 4, 1945.

Jesús A. González, Acting Attorney General, and G. Benítez Gautier, Assistant Attorney General, for appellant.   J. Alemañy Sosa for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

These two cases involve appeals by the Treasurer from judgments in favor of the taxpayer for refund of excise taxes paid under protest on machinery used to bottle beer and soft drinks. The question here is whether paragraph 27 of § 16 of the Internal Revenue Law (Act No. 85, Laws

of P. R. 1925, p. 584) required payment of a 10% excise tax on the said machinery and the parts therefor. The taxpayer paid a 2% use tax pursuant to § 16a on the majority of these articles [1] when they were brought into Puerto Rico. In 1942 the Treasurer took the position that the 10% tax of paragraph 27 applied and demanded payment, which was made under protest, of the additional 8%, penalties and interest.

These articles were all brought here between 1938 and 1943. For the reasons stated in our opinion in *Puerto Rico Ilustrado* v. *Buscaglia, Treas., ante,* p. 870, we agree with the district court that the machinery herein was not taxable under paragraph 27 during those years.

We think it appropriate to add here, on the question of the administrative practice of the Treasurer, that the parties filed a written stipulation in the instant case to the effect that when these articles were brought into Puerto Rico, the Treasurer had "imposed" thereon only the 2% use tax provided by § 16a, in view of the fact that the "former judgment of the Treasury Department had been that machinery imported prior to July 12, 1941 paid only 2% pursuant to the said Section 16(a) . . . "

The judgment of the district court will be affirmed.

---

[1] Some of these articles were brought in after repeal of § 16 a.